Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS MATICAN, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) |
| SAN FRANCISCO FEDERAL CREDIT | ) |
| UNION; EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; EQUIFAX | ) |
| INFORMATION SERVICES, LLC; and | ) |
| DOES 1 through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

1) This is an action for damages and equitable relief brought by an individual consumer against all Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

//

1
COMPLAINT AND DEMAND FOR JURY TRIAL

## II.  PARTIES

2)    Plaintiff ROSS MATICAN is a natural person residing in the State of California, County of San Francisco.

3)    Defendant SAN FRANCISCO FEDERAL CREDIT UNION ("SFFCU") at all times relevant was a company doing business in San Francisco County, California operating from an address at 770 Golden Gate Ave., San Francisco, CA 94102.

4)    Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Francisco County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

5)    Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Francisco County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

6)    The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements,

transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7)      Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

### III.  FACTUAL ALLEGATIONS

8)       Plaintiff suffered from serious medical issues which caused financial difficulties.

9)      Plaintiff had an account with SFFCU ("the Account").

10)     Plaintiff entered into a payment arrangement to settle the Account.

11)     Plaintiff complied with his payment obligations by paying off the balance on the Account.

12)     Pursuant to the terms of the settlement agreement on the Account it was to be reported that the Account had been settled.

13)     However, after Plaintiff paid the Account, SFFCU reported the Account as a charge-off with a balance due and owing for a number of months.

14)     Plaintiff had multiple communications with SFFCU's agent and disputed the credit reporting.

15)     The reporting was inaccurate as it should have been reported as settled with no balance owing.

16)     Despite putting SFFCU on notice SFFCU continued to report the inaccurate information.

17)     Plaintiff disputed the reporting with EXPERIAN and EQUIFAX (the Credit Reporting Agencies hereinafter referred to as "the CRAs") and included the settlement letter and proof of payment.

18)     Based on information and belief, the CRAs notified SFCCU of the dispute.

19)     Defendants failed to conduct a reasonable investigation within thirty days from

3
COMPLAINT AND DEMAND FOR JURY TRIAL

receipt of Plaintiff's disputes.

20) Defendants continued to report Plaintiff owed a balance during months where there was no balance owed on the Account.

21) Defendants continued to report the inaccurate information regarding the Account on Plaintiff's credit file after it had been disputed.

22) The reporting was inaccurate as Plaintiff did not owe the balance on the Account during the months notated.

23) As a result of the acts alleged above, Plaintiff suffered emotional distress and damage to his credit worthiness.

24) Plaintiff was denied several apartment rentals in San Francisco and unable to get credit cards beyond a $300 limit.

## IV.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

25) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

27) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

28) SFFCU violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

COMPLAINT AND DEMAND FOR JURY TRIAL

29)   The Defendants' unlawful conduct was willful.

30)   Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

31)   Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.   SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

32)   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33)   Defendants violated the CCRAA, by including but not limited to, the following:

(a)   CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

(b)   CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

(c)   SFFCU violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that SFFCU knew or should have known was incomplete or inaccurate.

34)   As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35)   Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

//

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorneys' fees; and

(e)    For such other and further relief as the Court may deem just and proper.

Date:  July 22, 2026                         __s/ Jeremy S. Golden_____
                                                        Jeremy S. Golden,
                                                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date:  July 22, 2026                         __s/ Jeremy S. Golden_____
                                                        Jeremy S. Golden,
                                                        Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL